16-mj-7189-JCB
16-mj-7190-JCB

## AFFIDAVIT OF STEPHEN P. DOWD

I, Stephen P. Dowd, being duly sworn, state under oath as follows:

## INTRODUCTION

1. I have been employed as a Postal Inspector by the United States Postal Inspection Service ("USPIS") for the past 20 years. I have been assigned to, and have specialized in, drug investigations for the past 14 years. During this time, I have participated in numerous investigations involving the transportation of controlled substances or proceeds/payments through the United States Postal Service ("USPS"), and I have intercepted in excess of 700 Express Mail and/or Priority Mail packages that contained controlled substances or the proceeds from the sales of controlled substances. I have received training by the Drug Enforcement Administration in the investigation of controlled substances. I have received training by the USPIS in the investigation of controlled substances and proceeds/payments for controlled substances being transported through the United States mails.

2. As a Postal Inspector, I am authorized to investigate violations of the law of the United States, including violations of the federal drug laws in Title 21 of the United States Code. I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure – that is, a government agent engaged in enforcing the criminal laws. During my time as a Postal Inspector, I have participated in hundreds of investigations involving all facets of the illegal drug industry, including trafficking, money seizures, and property seizures. I have participated in investigations in both overt and undercover capacities. I personally have participated in all aspects of drug trafficking investigations, including conducting surveillance, using confidential informants, acting in an undercover capacity,

executing search warrants, and conducting Court-authorized interceptions of wire and electronic communications. I have interviewed and debriefed numerous cooperating witnesses and defendants concerning all aspects of drug trafficking organizations, and am familiar with the methods, practices, and techniques used by drug traffickers to obtain, store, transport and distribute controlled substances, as well as the manner in which they conceal and launder drug proceeds. I have served as the affiant in numerous federal search warrants and GPS warrants.

3. I am familiar with the manner in which illegal drug traffickers use vehicles, common carriers, mail and private delivery services, and a variety of other means to transport and distribute controlled substances and the proceeds from drug trafficking. From my training and experience, I am aware that drug traffickers often transport drugs and drug proceeds in motor vehicles, and that drug traffickers often use motor vehicles to meet with other coconspirators, including their sources of supply and/or their drug customers. Drug traffickers also use motor vehicles to travel to banks and other financial institutions to deposit drug proceeds and/or transfer funds to purchase drugs. Experienced drug traffickers will often engage in counter-surveillance maneuvers while driving a vehicle in an attempt both to determine whether they are being followed by law enforcement and to disrupt any surveillance activities being conducted by law enforcement. I am also aware, from my training and experience, that drug traffickers often install and use electronically operated hidden compartments in motor vehicles to transport large quantities of drugs and drug proceeds.

## PURPOSE OF THIS AFFIDAVIT

4. I am submitting this affidavit for two reasons:

    a.    To support an application for a criminal complaint charging Pablo SANTIAGO-CRUZ ("SANTIAGO-CRUZ"), Carlos REYES ("REYES"), and Angel MORALES ("MORALES") with conspiracy to possess with intent to distribute and distribution of Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C), and with possession with intent to distribute Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and

    b.    To support an application for the issuance of a search warrant authorizing the search of one black Samsung Galaxy S-6 Edge, which was seized from REYES's vehicle on July 18, 2016, after one kilogram of cocaine was discovered in REYES' vehicle and REYES was arrested (hereinafter "the SUBJECT TELEPHONE"). A full description of the SUBJECT TELEPHONE is set forth in Attachment A-7, which is attached hereto and incorporated herein. The SUBJECT TELEPHONE is currently in the custody of the USPIS at 495 Summer Street in Boston, Massachusetts.

5. Since February 2016, I have been conducting a criminal investigation into the activities of several individuals, both known and unknown, including SANTIAGO-CRUZ, REYES, and MORALES for violations of federal criminal laws, including, but not limited to, the distribution of controlled substances, in violation of 21 U.S.C. § 841(a)(1); use of a communications facility in the commission of controlled substances trafficking offenses, in violation of 21 U.S.C. § 843(b); conspiracy to commit drug trafficking offenses, in violation of 21 U.S.C. § 846; and money laundering offenses, in violation of 18 U.S.C. §§ 1956, 1957 (collectively, "the Target Offenses"). As part of that investigation, I executed an affidavit on July 18, 2016, in support of six (6) search warrants (hereinafter, "the Dowd July 18 Affidavit"). A copy of that affidavit is attached to this affidavit, and I am incorporating by reference that affidavit in its entirety.

6. This affidavit is being submitted for the limited purpose of obtaining a criminal complaint, arrest warrants, and a search warrant for the SUBJECT TELEPHONE. As a result, I

have not included each and every fact known to me and other law enforcement officers involved in this investigation. Rather, I have included only those facts that I believe are necessary to establish probable cause for the issuance of the requested complaint, arrest warrants, and search warrant. Facts not set forth herein (or in the incorporated Dowd July 18 Affidavit) are not being relied upon in reaching my conclusion that there is probable cause to support the issuance of the requested complaint, arrest warrants, and search warrant. Nor do I request that this Court rely on any facts not set forth herein in reviewing this affidavit.

### July 18, 2016: Seizure of One Kilogram of Cocaine from REYES's Vehicle

7.      As discussed in the Dowd July 18 Affidavit, on July 18, 2016, at approximately 7:39 p.m., a uniformed Massachusetts State Police ("MSP") Trooper observed a gray Acura bearing Massachusetts Registration 415TT1 commit two traffic violations (speeding and following too close) and stopped the vehicle on Hammond Pond Parkway in Brookline, Massachusetts. REYES was the driver and sole occupant of the vehicle. During a consent search, the MSP Trooper discovered an easy-bake oven ("Girl Scout Cookies Oven") in the vehicle's trunk. When asked about the oven, REYES initially stated that he bought the oven for his two-year old niece. REYES then recanted and stated that a girl gave the box to him and he did not know what was inside the box. (As discussed in paragraph 54 of the Dowd July 18 Affidavit, a surveillance officer observed REYES open the suspicious USPS Priority Mail parcel from Puerto Rico and place the white box containing the easy-box oven into the trunk of his vehicle.) Inside the easy-bake oven was a square-shaped compressed white powder wrapped in plastic weighing approximately one kilogram, which field-tested positive for cocaine. REYES

was arrested and the SUBJECT TELEPHONE, which was on the center console of the gray Acura was seized.

8. According to the MSP Trooper's report, during the motor vehicle stop and prior to his arrest, REYES advised the MSP Trooper that he was going to meet a girl in Boston, but could not specify where. At the time, REYES had in his left hand two small white objects that he gripped and crumpled tightly. When the MSP Trooper asked REYES what the items were, REYES said that they were from a postal shipping label and handed the papers to the MSP Trooper. I have reviewed these two items. They are pieces of a USPS Priority Mail shipping label. Based upon the markings on the pieces, I determined that they are from the USPS Priority Mail parcel described in paragraph 50 of the Dowd July 18 Affidavit.

9. Based upon the foregoing, as well as my knowledge, training and experience as set forth in the Dowd July 18 Affidavit (*see, e.g.*, ¶¶ 90-96), I believe that there is probable cause to believe that the items set forth in Attachment E to this Affidavit will be found in the SUBJECT TELEPHONE.

10. On July 18, 2016, I sought and obtained search warrants for various locations, including the locations described in the Dowd July 18 Affidavit as the REYES Residence (*see* Dowd July 18 Affidavit, ¶ 4(b)), the SANTIAGO-CRUZ Residence (*see* Dowd July 18 Affidavit, ¶ 4(a)), and the MORALES Residence (*see* Dowd July 18 Affidavit, ¶ 4(c)). I also obtained a search warrant for the SUBJECT PARCEL. The warrants for the residences were executed on July 19, 2016, and the warrant for the SUBJECT PARCEL was executed on July 20, 2016.

### July 19, 2016: The Search at the SANTIAGO-CRUZ Residence

11. At approximately 6:15 a.m. on July 19, 2016, law enforcement officers, including myself, executed the search warrant at the SANTIAGO-CRUZ Residence. An officer knocked on the door and announced that law enforcement officers were present to execute a search warrant. After waiting approximately 15 seconds and receiving no response, officers entered the SANTIAGO-CRUZ Residence using a key provided by the owner and landlord of the Residence. As officers went up the stairs into the living area of the SANTIAGO-CRUZ Residence, they observed SANTIAGO-CRUZ in the kitchen sink holding a chrome bowl that was later determined to contain cocaine and a kitchen knife. Officers ordered SANTIAGO-CRUZ to stop moving and get on the ground. SANTIAGO-CRUZ ignored those instructions and instead ran to the bathroom and attempted to flush the cocaine down the toilet. SANTIAGO-CRUZ was again ordered by a federally deputized Task Force Officer ("TFO") with Homeland Security Investigations ("HSI") to stop resisting. When SANTIAGO-CRUZ failed to comply, a federally-deputized TFO used a taser in attempt to subdue SANTIAGO-CRUZ. Only one of the taser barbs made contact with SANTIAGO-CRUZ, who continued to physically resist the officers and struck several of them. Subsequently, HSI Special Agents, federally deputized HSI TFOs, and MSP Troopers used additional force to control and apprehend SANTIAGO-CRUZ. During the physical altercation with SANTIAGO-CRUZ, several law enforcement officers sustained minor injuries: an HSI special agent sustained a left knee injury, a right wrist injury, and an abrasion to his left arm; a federally-deputized HSI TFO sustained a contusion to the inner left thigh and an abrasion to the right bicep; and a second HSI TFO sustained a laceration to the left shin, abrasion to the right side of his face, a laceration to the left elbow and a laceration to his right hand.

SANTIAGO-CRUZ also suffered cuts and bruises. SANTIAGO-CRUZ was treated by emergency medical personnel and taken to the hospital, where he was cleared medically.

12. During the subsequent search of the SANTIAGO-CRUZ Residence, agents seized a quantity of compressed white powder in two plastic bags from the toilet bowl in the bathroom where SANTIAGO-CRUZ fought with the agents. The white powder in the bags was field-tested with positive results for cocaine. Agents also seized approximately $7,000 in U.S. currency. Of that amount, $5,000 was bundled in a heat- and vacuum-sealed bag that appeared identical to the plastic-sealed bundles of cash that had been in Priority Mail parcels mailed by SANTIAGO-CRUZ on May 12, 2016, and on May 23, 2016. (*See* Dowd July 18 Affidavit, ¶¶ 71-73). Agents also seized a Foodsaver vacuum- and heat-sealer, a plastic wrap roller, an unopened box of Foodsaver bags, and two cellular telephones. Agents also observed a brand new coffee maker in its original box. This coffee maker was the same make and model as those coffee makers found in the parcels mailed by SANTIAGO-CRUZ on May 12, 2016 and May 23, 2016 with bundles of U.S. currency hidden inside. (*See* Dowd July 18 Affidavit, ¶¶ 71-73).

### July 19, 2016: The Search at the MORALES Residence

13. At approximately 9:03 a.m. on July 19, 2016, law enforcement agents executed the search warrant at the MORALES Residence. As agents executed the warrant, they discovered and seized from the apartment's second bedroom five plastic bags containing over 100 grams of compressed white powder, which was field-tested with positive results for cocaine, and approximately 100 grams of a green leafy substance consistent in appearance with marijuana. Agents also discovered and seized from the apartment's master bedroom a .40 caliber Smith & Wesson handgun with an obliterated serial number, two magazines containing 15

rounds of ammunition in each, and a box containing an additional 10 rounds of ammunition. Agents seized approximately $11,000 in U.S. currency from the master bedroom. In the second bedroom, agents seized an electronic scale, a cooler containing thousands of tiny ziplock plastic bags with two metal spoons containing white powder residue consistent with cocaine, and two cellular telephones. A Foodsaver vacuum- and heat-sealer was also observed in the second bedroom closet. Agents seized a third cellular telephone from the vehicle described in the Dowd July 18 Affidavit as the gray 2011 Jeep Wrangler pursuant to a consent search. After being administered his Miranda rights and waiving those rights, MORALES admitted that the seized drugs (cocaine and marijuana) and the seized firearm and ammunition were his.

### July 19, 2016: The Search at the REYES Residence

14. After REYES's arrest on July 18, 2016, officers retrieved the discarded USPS parcel that surveillance officers had observed REYES open and leave outside the detached garage at 45-47 Winthrop Street. (*See* Dowd July 18 Affidavit, ¶ 54). During the execution of the search warrant at the REYES Residence on July 19, 2016, officers seized photographs of various men together, including REYES and SANTIAGO-CRUZ. Based upon the clothing worn by the men in the pictures, they appear to have been taken while the men were in prison. Additionally, a date stamp on one of the pictures is April 25, 2009. As discussed in paragraph 8 of the Dowd July 18 Affidavit, both REYES and SANTIAGO-CRUZ were incarcerated at the Federal Correctional Institution in Ray Brook, New York on this date.

### July 20, 2016: The Search of the SUBJECT PARCEL

15. On July 20, 2016, I executed a search warrant on the SUBECT PARCEL discussed in paragraphs 75 through 78 of the Dowd July 18 Affidavit. In that parcel were seven

bundles of U.S. currency in vacuum- and heat-sealed plastic, totaling approximately $45,300. Consistent with the parcels mailed by SANTIAGO-CRUZ on May 12, 2016 and May 23, 2016, the bundles of U.S. currency were hidden inside a box containing a brand new coffee maker. (*See* Dowd July 18 Affidavit, ¶¶ 71-73).

## CONCLUSION

16. Based upon the evidence set forth above, as well as my training and experience, I submit that there is probable cause to believe that between a date uncertain but no later than March 2016 and July 18, 2016, SANTIAGO-CRUZ, REYES, and MORALES knowingly conspired with each other and with others known and unknown to possess with intent to distribute and distribute Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(C). I further submit that there is probable cause to believe that on or about July 18, 2016, REYES possessed with intent to distribute Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and that on or about July 19, 2016, SANTIAGO-CRUZ and MORALES each possessed with intent to distribute Cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Accordingly, I respectfully request that arrest warrants for REYES, SANTIAGO-CRUZ, and MORALES be issued.

//

//

//

//

//

17. Additionally, based upon the evidence set forth above, as well as my knowledge, training and experience, I further submit that there is probable cause to believe that in the SUBJECT TELEPHONE, as described in Attachment A-7, there exists evidence of the Target Offenses as set forth in Attachment E. Accordingly, I respectfully request that a search warrant be issued for the SUBJECT TELEPHONE described in Attachment A-7 for the items detailed in Attachment E.

*[signature]*
STEPHEN P. DOWD
Postal Inspector, USPIS

Subscribed to and sworn before by me this 22nd day of July 2016.

*[signature]*
HONORABLE JENNIFER C. BOAL
Chief United States Magistrate Judge
District of Massachusetts